IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN EDWARD LIGHTFEATHER, | |
| Petitioner, | 8:22CV350 |
| vs. | |
| LANCASTER COUNTY, | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before the Court on initial review of Petitioner Austin Edward Lightfeather's ("Lightfeather") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. Filing No. 1. The Court conducts this initial review of the petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* which allows the Court to apply Rule 4 of those rules to a section 2241 action. For purposes of this initial review, the Court will consider Lightfeather's supplemental filings, Filing No. 3 and Filing No. 9, as part of the petition. For the reasons discussed below, the Court will dismiss Lightfeather's petition without prejudice.

At the time he filed his petition on October 7, 2022, Lightfeather was a state pretrial detainee in the custody of Lancaster County, Nebraska, but was confined in a Nebraska Department of Correctional Services' facility for a pre-sentencing evaluation. Filing No. 1 at 1–2, 4. According to Lightfeather's state court records, available to this Court online,[1] Lightfeather entered a plea of no contest to one count of attempted first-degree assault, a Class IIA felony, on August 23, 2022, and the State dismissed one

---

[1] Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

count of burglary, a Class IIA felony. On September 23, 2022, the District Court of Lancaster County, Nebraska committed Lightfeather to the NDCS for no more than 90 days in order for the NDCS to conduct a complete pre-sentencing study of Lightfeather pursuant to Neb. Rev. Stat. § 29-2204(4). Thereafter, on December 30, 2022, the state district court sentenced Lightfeather to 16 to 18 years' imprisonment with credit for 903 days served. The Court takes judicial notice of the state court records related to this case in *State v. Lightfeather*, No. CR21-1243, District Court of Lancaster County, Nebraska. See *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

Lightfeather's petition and supplements consist of 26 pages of handwritten, free-flowing narrative that is rambling and difficult to decipher. As best the Court can tell, Lightfeather seeks release from detention "based on [his] treatment emposed [sic] on [him] by . . . Lancaster County." Filing No. 1 at 6. The treatment of which Lightfeather complains includes, *inter alia*, lack of proper medical treatment, inadequate food, cold room temperatures, mistreatment from jail officers, and forced medication injections. Filing No. 1. Lightfeather makes a request for damages based on the forced medication injections given to him, Filing No. 3 at 4, and also asks this Court to review the denial of his state writ of habeas corpus in Lancaster County District Court case number CI22-3571, Filing No. 9 at 2–4, 9–10.

As an initial matter, Lightfeather cannot seek an award of damages in this federal habeas action as claims for damages related to a prisoner's conditions of confinement must be sought in an action pursuant to 42 U.S.C. § 1983. As the United States Supreme Court has explained:

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action.

*Muhammad v. Close*, 540 U.S. 749, 750 (2004). See also *Preiser*, 411 U.S. at 494 ("If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release—the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.").

Secondly, the Court cannot review the denial of Lightfeather's state habeas corpus action. "*Rooker-Feldman* provides that jurisdiction to review state court decisions rests with superior state courts and the Supreme Court of the United States, not with federal district courts." *Parker L. Firm v. Travelers Indem. Co.*, 985 F.3d 579, 584 (8th Cir. 2021); see also *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

More importantly, because Lightfeather has now been convicted, his challenge to his pretrial detention is moot, and his petition must be dismissed. See *Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) ("Once Mr. Jackson was convicted, the claims concerning his pre-trial confinement became moot."); *Williams v. Slater*, 317 Fed.Appx. 723, 724–25 (10th Cir. 2008); *Yohey v. Collins*, 985 F.2d 222, 228–29 (5th Cir. 1993) ("[C]laims for federal habeas relief for pretrial issues are mooted by Yohey's subsequent conviction."); *Thorne v. Warden, Brooklyn House of Detention for Men*, 479 F.2d 297, 299 (2d Cir. 1973); *Medina v. California*, 429 F.2d 1392, 1393 (9th Cir. 1970).

To be clear, the Court is dismissing Lightfeather's § 2241 petition without prejudice for lack of jurisdiction and makes no findings regarding the merits of Lightfeather's claims. Thus, the dismissal of this case will not preclude Lightfeather from reasserting any claims challenging the lawfulness of his conviction in a habeas petition filed pursuant to 28 U.S.C. § 2254[2] after proper exhaustion of his claims in state court. *See* 28 U.S.C. § 2254(b)(1).

Because "the detention complained of arises from process issued by a state court," Lightfeather must obtain a certificate of appealability. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); *see also Hoffler v. Bezio*, 726 F.3d 144, 153 (2d Cir. 2013) (collecting cases of courts that ruled a state prisoner who petitions for habeas relief under 28 U.S.C. § 2241 must obtain a certificate of appealability). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The Court has applied the appropriate standard and determined that Lightfeather is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. The petition for writ of habeas corpus, Filing No. 1, and any supplements or amendments thereto, is dismissed without prejudice. No certificate of appealability has been or will be issued.

2. The Court will enter judgment by separate document.

---

[2] Section 2254 confers jurisdiction on district courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Dated this 18th day of January, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge